UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TERRY LENNETTE GRANT,

    Plaintiff,

    v.

MARVIN H. DUKES, III, et al.,

    Defendants.

Civil Action No. 14-1091 (JDB)

## ORDER

This matter is before the Court on [1] plaintiff Terry Lennette Grant's pro se complaint and [2] her motion for an emergency stay. The Court will dismiss this action for lack of subject-matter jurisdiction. The subject-matter jurisdiction of federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. See Fed. R. Civ. P. 8(a). Failure to plead such facts requires dismissal of the action. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    Here, the complaint neither presents a federal question nor provides a basis for diversity jurisdiction. Grant is a resident of South Carolina, and she is suing a large group of defendants, most of whom are also residents of South Carolina. The presence of South Carolina residents on both sides of this action destroys the "complete diversity" required for federal diversity

jurisdiction. See 28 U.S.C. § 1332 (providing original jurisdiction in civil actions between "citizens of different states"); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) ("Since Strawbridge v. Curtiss, 3 Cranch 267 (1806), we have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants."). Moreover, Grant's complaint appears to present no questions of federal law: she brings various state common-law claims arising out of the purchase of a piece of real property in South Carolina, and the impending foreclosure of that property. These claims belong in the South Carolina court system; this action does not "aris[e] under" any source of federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Hence, it is hereby

**ORDERED** that this action is **DISMISSED** for lack of subject-matter jurisdiction; it is further

**ORDERED** that [2] Grant's motion for an emergency stay is **DENIED AS MOOT**; it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to plaintiff at the address listed on the docket; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to plaintiff, via facsimile, at the following number: (843) 681-4330.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: July 1, 2014